# THE WEITZ LAW FIRM, P.A.

18305 Biscayne Blvd., Suite 214<br>Aventura, Florida 33160

March 21, 2023

Honorable Judge John P. Cronan
U.S. District Court - Southern District of New York
500 Pearl Street - Courtroom 12D
New York, New York 10007

Dear Judge Cronan:

     I represent the Plaintiff, LIN KWOK KEUNG ("Plaintiff") in this action. On March 13, 2023, thirty-six (36) days after the Plaintiff voluntarily dismissed this lawsuit, Defendants ("Defendants"), without any conferral, filed its pre-motion letter request to file a motion for sanctions pursuant to 28 U.S.C. § 1927 [D.E. 36] and the inherent powers of the Court. Per the Court's Order [D.E. 37], Plaintiff's response is due on March 21, 2023. For the reasons set forth herein, Defendants' baseless request should be denied.

    (1) **<u>Brief procedural History of the Case</u>**:

     On May 7, 2022, Plaintiff filed his initial Complaint alleging violations of Title III of the Americans with Disabilities Act (the "ADA"). Six months later, on 11/28/22, Defendants filed a pre-conference letter [D.E. 19] requesting leave to file a motion to dismiss for lack of standing. In response, on December 14, 2022, Plaintiff filed a meritorious Amended Complaint [D.E. 24] which attempted in good faith to address the alleged pleading deficiencies identified by Defendants in its pre-conference letter. On December 28, 2022, Defendants filed another pre-conference letter [D.E. 25] requesting leave to file a motion to dismiss for lack of standing, to which Plaintiff filed his response [D.E. 30] on January 19, 2023. While analyzing the Pre-motion Letter and subsequent Reply [D.E. 31] and reviewing recent caselaw on the issue of standing in ADA cases, including the January 17, 2023 decision by Judge Ramos in *Stephen Gannon v. 31 Essex Street LLC, et al*, 2023 WL 199287 (S.D.N.Y. January 17, 2023), the Plaintiff, after consulting with the undersigned and prior to the filing of any motion to dismiss, decided to voluntarily dismiss this case and directed undersigned counsel to file same (Plaintiff's Declaration shall be submitted in any future briefing). This decision was made, in part, because of the difficulties that had become apparent in maintaining this case due to the Article III standing requirements that had recently been defined by the federal courts in New York for ADA cases, coupled with the anticipated discovery for which the Plaintiff (who had not ever been previously deposed) was also apprehensive of eventually being deposed. Consequently, on February 5, 2023, before any motion to dismiss was filed and prior to any discovery of any kind having even been initiated, Plaintiff's counsel filed a notice of voluntarily dismissal at the direction of the Plaintiff.

    (2) **<u>A Motion for Sanctions under 28 U.S.C. § 1927 is inappropriate</u>**.

     Section 1927 authorizes a "court of the United States" to award attorney's fees and other excess costs and expenses against an attorney or other party authorized to practice before the courts who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. A court may also impose sanctions pursuant to its inherent power, which "derives from the fact that courts are 'vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" *In re Spa Chakra, Inc*., 2013 WL 3286241, at *8 (Bankr.S.D.N.Y. June 27, 2013); citing *Schlaifer Nance & Co. v. Estate of Warhol,* 194 F.3d 323, 336 (2d Cir.1999) (quoting *Chambers v. Nasco, Inc.,* 501 U.S. 32, 43 (1991)). "One component of a court's inherent power is the power to assess costs and attorneys' fees against either the client or his attorney where a party has 'acted in bad faith, vexatiously, wantonly, or for oppressive reasons.' " *Id*.; citing *Int. Bhd. of Teamsters,* 948 F.2d at 1345 (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y,* 421 U.S. 240, 258–59 (1975)).

The *In re Spa Chakra* court addressed the extreme caution that should be implemented when considering a § 1927 and inherent powers sanctions motions against an attorney, as follows:

> Courts in this Circuit construe § 1927 "narrowly and with great caution, so as not to stifle the enthusiasm or chill the creativity that is the very lifeblood of the law." *Mone v. Comm'r of Internal Revenue,* 774 F.2d 570, 574 (2d Cir.1985) (internal quotation marks omitted); *accord Romeo v. Sherry,* 308 F.Supp.2d 128, 148 (E.D.N.Y.2004). Likewise, the Supreme Court has admonished that "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion," *Chambers,* 501 U.S. at 44, and "great caution." *Id.* at 43 (internal quotation marks omitted). "To impose sanctions under either authority, a court must find clear evidence that (1) the offending party's claims were entirely without color, and (2) the claims were brought in bad faith—that is, 'motivated by improper purposes such as harassment or delay.'" *Eisemann v. Greene,* 204 F.3d 393, 396 (2d Cir.2000) (quoting *Schlaifer,* 194 F.3d at 336); *accord Pacific Elec. Wire & Cable Co., Ltd. v. Set Top Int'l Inc.,* No. 03 Civ. 9623(JFK), 2005 WL 2036033, at * 5 (S.D.N.Y. Aug. 23, 2005). Notably, the "'[t]he test is conjunctive and neither meritlessness alone nor improper purpose alone will suffice.'" *Pacific Elec. Wire & Cable Co.,* 2005 WL 2036033, at *5 (quoting *Sierra Club v. U.S. Army Corps of Eng'rs,* 776 F.2d 383, 390 (2d Cir.1985)). Moreover, "'[t]he court's factual findings of bad faith must be characterized by a high degree of specificity.'" *Schlaifer,* 194 F.3d at 338 (quoting *Milltex Indus. Corp. v. Jacquard Lace Co., Ltd.,* 55 F.3d 34, 38 (2d Cir.1995)). *Id.*

As to the element of "color", "'[a] claim is entirely without color when it lacks *any* legal or factual basis.'" *Id.*; citing *Schlaifer,* 194 F.3d at 337. "Conversely, a claim is colorable 'when it has some legal and factual support, considered in light of the reasonable beliefs of the individual making the claim.'" *Id.* (quoting *Nemeroff v. Abelson,* 620 F.2d 339, 348 (2d Cir.1980) (*per curium*)). As to the element of bad faith, the *In re Spa Chakra* court noted:

> The bad faith element "is meant to strike a balance between the vigorous pursuit of litigation and the right to be free of litigation that is undertaken in 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *United States v. Seltzer,* 227 F.3d 36, 40 (2d Cir.2000) (quoting *Oliveri,* 803 F.2d at 1272). "Bad faith can be inferred when the actions taken are 'so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose.'" *Schlaifer,* 194 F.3d at 338 (quoting *New York v. Operation Rescue Nat'l,* 80 F.3d 64, 72 (2d Cir.1996)). The Second Circuit has "restrictively" interpreted the bad faith standard, *Eisemann,* 204 F.3d at 396, requiring a "'high degree of specificity in the factual findings of the lower courts.'" *Id.* at 396 (quoting *Dow Chem. Pac. Ltd. v. Rascator Maritime S.A.,* 782 F.2d 329, 344 (2d Cir.1986)) (emphasis in original). The type of conduct found to constitute "bad faith" and merit sanctions in this Circuit includes: resubmitting a motion that had previously been denied; bringing a motion based on 'facts' the opposite of which were previously found by the court; making several insupportable bias recusal motions and repeated motions to reargue; continually engaging in obfuscation of the issues, hyperbolism and groundless presumptions in addition to insinuating that the court was biased; and waiting until the eve of trial before making a jury demand. *Id.* at *10; citing *Keller v. Mobile Corp.*, 55 F.3d 94, 99 (2d Cir.1995) (internal quotation marks omitted). *Id* at *11.

Significantly, in the matter of *Lin Kwok Keung v. Mays Beauty Salon & Spa Inc., et al*. (S.D.N.Y. Case No. 22-cv-04466-LGS), Defendants' counsel filed a virtually identical pre-conference letter seeking to file a motion for sanctions under 28 USC § 1927/inherent power of the Court, and the Honorable Lorna G. Schofield on March 17, 2023 denied said pre-motion letter request because the alleged conduct set forth in the letter did not "merit sanctions" as the "case was still in early stages", similar to the instant matter,

and that such a motion for sanctions would be "futile." (*Id.* at D.E. 61, attached hereto as an exhibit).[1] Judge Schofield ruled that Defendants' counsel failed to provide "a sufficient basis to conclude Plaintiff acted in bad faith in the course of litigation so as to merit sanctions." *Id.* Here, this case is in even more of a preliminary stage than the *Mays* matter was at the time of dismissal, as no discovery order in this case was ever issued, and no motion to dismiss the Amended Complaint had yet been filed. The decision by Plaintiff to dismiss this lawsuit does not demonstrate vexatious litigation. To the contrary, the voluntary dismissal of the lawsuit at such a very early pre-discovery stage, and for the reasons stated herein, was appropriate under the circumstances and did not unnecessarily multiply the litigation. While analyzing the motion to dismiss and reviewing recent caselaw on the issue of standing in ADA cases and Plaintiff showing apprehension in attending an anticipated future deposition (as he had never before been deposed), the Plaintiff, after consulting with the undersigned, decided and directed this case to be voluntarily dismissed. Defendants' counsel argues in his pre-conference sanctions letter that the undersigned unreasonably and vexatiously, in bad faith, multiplied these proceedings. In support, albeit weak, Defendants argue that the undersigned sought an extension of time due to out of state travel, and was "attempting to negotiate settlement"[2]. Indeed, Defendants' counsel conveniently omits from its letter that he had previously made a verbal monetary settlement offer, which was rejected. Further, the record reflects the valid basis for said one extension requested and the Court's consideration and granting of said extension [D.E. 28] (which did not cause Defendants' counsel to perform any additional or unnecessary work). In fact, it was Defendants' counsel who multiplied these proceedings by unnecessarily filing an explanation [D.E. 29] of his unjustified opposition to said extension request *after* it had already been granted [D.E. 28]. Defendants' counsel also spends most of his pre-motion letter addressing Plaintiff and the undersigned's filing of other lawsuits, which have no bearing on whether a sanctions motion may be properly filed in this case. It is true that Plaintiff has filed several lawsuits against inaccessible businesses that have inexplicably chosen not to make themselves accessible to the disabled community since the enactment of the ADA, and undersigned counsel has dedicated his practice to representing victims of disability discrimination. However, Congress, in passing the ADA 33 years ago, established the ability for him to rightfully pursue these claims, and imposed no restrictions on the number of times he is permitted to avail himself of the statutory rights afforded under the ADA. Such rhetoric by opposing counsel does not serve as a legitimate basis for the requested sanctions.

Defendants' request to file a sanctions motion, which was inexplicably filed an unusual thirty-six (36) days after the dismissal, should be denied. As set forth herein, Defendants cannot establish that the undersigned brought claims on behalf of the Plaintiff that were entirely without color, or that such claims were brought in bad faith—that is, motivated by improper purposes such as harassment or delay. Indeed, Defendants' pre-conference sanctions letter does not suggest that the claim was brought in bad faith, or even that the architectural barriers to access identified in the Complaint did not exist (or even that they do not currently exist). Notably, Defendants never sought fees from the Plaintiff under the ADA or through the service of a Rule 11 Motion. There are no assertions made by Defendants, nor can there be, that Plaintiff's counsel violated orders of this Court, brought motions that were inconsistent with prior rulings from this Court, engaged in obfuscation of the issues, or engaged in the type of conduct that could be appropriately addressed by a § 1927 or inherent powers of the court sanctions motion. To the contrary, a voluntary dismissal was taken at a very early stage of the litigation, at Plaintiff's direction, before the parties had engaged in any discovery, and before the filing of any motion to dismiss. A decision to terminate litigation at this early stage for the reasons stated herein, was appropriate and did not unnecessarily multiply the litigation. Consequently, Defendants' letter request to file a motion for sanctions should be denied.

Respectfully submitted,
/s/ B. Bradley Weitz, Esq.

---

[1] In light of Judge Schofield's on-point ruling, and in an effort to conserve judicial resources, undersigned twice subsequently inquired if opposing counsel would withdraw his pre-motion letter [D.E. 36], but he refused to do so.
[2] Defendants' counsel offers no evidence that any settlement communications were conducted improperly in this case, and any settlement communications between the parties would also be inadmissible per FRE 408.